**\*\* E-filed July 22, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAYTHAN CAPITAL, LLC., | No. C11-3535 HRL |
| Plaintiff, <br> v. | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| MARIA GOMEZ, | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re:   Docket Nos. 1, 2]** |

On July 18, 2011, pro se defendant Maria Gomez ("Gomez") removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff Kaythan Capital, LLC. ("Kaythan") filed this unlawful detainer action against Gomez on February 24, 2011 in Santa Clara County Superior Court. According to the complaint, Kaythan acquired the subject property through a foreclosure trustee's sale on February 14, 2011 in accordance with California Civil Code section 2924 *et. seq*. Complaint at ¶¶ 6-7. Also on February 14, Kaythan served Gomez with a three-day Notice to Quit by leaving it with an unknown individual located at the property. See id. at ¶¶ 8-9. Gomez has not responded to the Notice, nor has she vacated the property. See id. at ¶ 9.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. Removal jurisdiction can be based on diversity of citizenship or on the existence of a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). If, after a court's prompt review of a notice of removal, "it clearly

1 appears on the face of the notice and any exhibits annexed thereto that removal should not be
2 permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4)
3 (emphasis added). These removal statutes are strictly construed against removal and place the
4 burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska
5 Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564,
6 566 (9th Cir. 1992)).

Here, Gomez asserts that removal is proper based only on federal question jurisdiction. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Alternatively, the complaint may establish that the plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Discovery Bank, 129 S. Ct. at 1272.

Gomez asserts that the unlawful detainer claim fails because Kaythan violated federal law, namely the Helping Families Save Their Homes Act of 2009, Pub. L. No. 111-22, §701-04, 123 Stat. 1632 (2009). See Notice of Removal at 2-3. However, Gomez raises this alleged violation as an affirmative defense, and – as noted above – an affirmative defense cannot be the basis for federal question jurisdiction. Kaythan's complaint alleges only a cause of action for unlawful detainer under California law; it does not allege any federal claims whatsoever. Moreover, resolving Kaythan's unlawful detainer claim does not depend on resolution of any substantial issues of federal law. Accordingly, Gomez has failed to show that this action arises under federal law.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court Judge. The undersigned further RECOMMENDS that the newly assigned judge summarily remand the case

1  to Santa Clara County Superior Court.[1] Pursuant to Federal Rule of Civil Procedure 72(b), any
2  party may serve and file objections to this Report and Recommendation within fourteen days
3  after being served.

5  **IT IS SO ORDERED**
6  Dated: July 22, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Gomez also filed an application to proceed *in forma pauperis*. Docket No. 2. Because the undersigned recommends that the case be remanded, it recommends that her application be denied as well.

3

**5:11-cv-02761-HRL Notice will be electronically mailed to:**

**Notice will be provided by other means to:**

Kirkman J. Hoffman
Kirkman J Hoffman, Esq
2130 The Alameda
Suite 210
San Jose, CA 95126

Maria Gomez
1870 Armand Drive
Milpitas, CA 95035

Phillip Brooks Rose
Kirkman J Hoffman, Esq
2021 The Alameda
Suite 275, CA 95126